## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MICHAEL GLENN WILLIAMS, JR. and )
LAIKEN JONES WILLIAMS, individually )
and as parents of J.M.W., K.N.W., and )
H.I.W., their minor children, )
                                    )
    Plaintiffs, )
                                    )
v.                                )     CASE NO.: 2:26-cv-00541-UJ
                                    )
UNITED STATES OF AMERICA, )
                                    )
    Defendant. )

## COMPLAINT

## PARTIES

1.    Plaintiff Michael Glenn Williams, Jr., is an adult resident citizen of Chilton County, Alabama, residing at 50 County Road 957, Verbena, Alabama 36091. At all material times, he was the driver of the vehicle involved in the subject collision. He, along with his wife, brings this action in his individual capacity and, pursuant to Federal Rule of Civil Procedure 17(c)(1)(B), as parent and next friend of his three minor children, each of whom was a passenger in the subject vehicle.

2.    Plaintiff Laiken Jones Williams is an adult resident citizen of Chilton County, Alabama, residing at 50 County Road 957, Verbena, Alabama 36091. She is the wife of Michael Glenn Williams, Jr., and was a front-seat passenger in the subject vehicle at the time of the collision. She brings this action in her individual capacity and, pursuant to Federal Rule of Civil Procedure 17(c)(1)(B), as parent and next friend of her three minor children, each of whom was a passenger in the subject vehicle.

3.     Plaintiff H.I.W. is a minor child, born in 2008, who resides with her parents at 50 County Road 957, Verbena, Alabama 36091. She was a passenger in the subject vehicle at the time of the collision.

4.     Plaintiff K.N.W. is a minor child, born in 2010, who resides with her parents at 50 County Road 957, Verbena, Alabama 36091. She was a passenger in the subject vehicle at the time of the collision.

5.     Plaintiff J.M.W. is a minor child, born in 2015, who resides with his parents at 50 County Road 957, Verbena, Alabama 36091. He was a passenger in the subject vehicle at the time of the collision.

6.     Defendant United States of America is the proper and sole defendant to this action pursuant to 28 U.S.C. § 2679(a). At all material times, Katharine Louise Stoddard was an employee of the United States Department of the Interior, acting through its agency, the United States Geological Survey ("USGS"), and was acting within the line and scope of her federal employment at the time of the collision made the basis of this Complaint.

## JURISDICTION AND VENUE

7.     Plaintiffs bring this Complaint against the Defendant, United States of America, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), which vests exclusive jurisdiction in the United States District Courts over civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

8.    The substantive law governing this action is the law of the State of Alabama, the place where the tortious act and omissions occurred. 28 U.S.C. §§ 1346(b)(1), 2674.

9.    Venue is proper in the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1402(b), because the Plaintiffs reside within this District and because the acts and omissions complained of occurred within this District. Chilton County, Alabama, where the Plaintiffs reside and where the collision occurred, is within the Northern Division of the Middle District of Alabama. 28 U.S.C. § 81(b)(1).

10.    Service of process upon the Defendant United States of America shall be made in accordance with Federal Rule of Civil Procedure 4(i)(1)(A)(ii) by sending a copy of the Summons and Complaint, by registered or certified mail, return receipt requested, to the civil-process clerk at the United States Attorney's Office for the Middle District of Alabama, at the following address:

> United States Attorney's Office
> Middle District of Alabama
> ATTN: Civil Process Clerk
> 131 Clayton Street
> Montgomery, Alabama 36104

11.    Service shall also be made, in accordance with Federal Rule of Civil Procedure 4(i)(1)(B), by sending a copy of the Summons and Complaint, by registered or certified mail, return receipt requested, to the Attorney General of the United States at Washington, D.C., at the following address:

> Office of the Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C. 20530-0001

12.    Service shall additionally be made, pursuant to Federal Rule of Civil Procedure 4(i)(2), upon the United States Department of the Interior and the United States Geological Survey by registered or certified mail at the following address:

> U.S. Department of the Interior
> Office of the Solicitor
> 1849 C Street NW
> Washington, DC 20240
>
> U.S. Geological Survey
> Office of Budget, Finance, and Analysis
> 12201 Sunrise Valley Drive, MS 105
> Reston, Virginia 20192

## <u>LIABILITY OF THE UNITED STATES</u>

13.    This civil action is brought against the United States of America in compliance with Title 28, United States Code, Sections 2671 through 2680, commonly known as the Federal Tort Claims Act. Liability of the United States is predicated on 28 U.S.C. § 2674 because the personal injuries and resulting damages that form the basis of this Complaint were proximately caused by the negligent and/or wrongful acts and omissions of an employee of the United States Department of the Interior, acting within the line and scope of her federal employment, under circumstances in which the United States, if a private person, would be liable to the Plaintiffs in accordance with the law of the State of Alabama.

14.    The United States Department of the Interior is a department of the United States of America, and the United States Geological Survey (USGS) is an agency or bureau within the Department of the Interior. At all material times, the United States of America, through the Department of the Interior and USGS, owned, operated, maintained, controlled, and/or insured the 2019 (or other year) Ford F-250 pickup truck being driven by its employee Katharine Louise

4

Stoddard, and employed Ms. Stoddard as an operator of said vehicle on official government business.

15.    At all material times, Katharine Louise Stoddard was an employee, servant, and/or agent of the United States of America, acting within the line and scope of her federal employment and in furtherance of the business and affairs of her employer.

## JURISDICTIONAL PREREQUISITES

16.    Pursuant to 28 U.S.C. §§ 2672 and 2675(a), on or about August 28, 2025, each Plaintiff presented a written administrative tort claim to the United States Geological Survey, Office of Budget, Finance, and Analysis, 12201 Sunrise Valley Drive, MS 105, Reston, Virginia 20192, by submitting an executed Standard Form 95 setting forth a sum certain for the damages claimed. The sums certain presented were as follows: Michael Glenn Williams, Jr. – $2,500,000.00; Laiken Jones Williams – $75,000.00; K.N.W. – $250,000.00; H.I.W. – $75,000.00; and J.M.W. – $75,000.00.

17.    On or about March 31, 2026, the United States, through the Department of the Interior, finally denied each Plaintiff's administrative tort claim in writing by certified mail, return receipt requested; this Complaint is filed within six (6) months of said final denial as required by 28 U.S.C. § 2401(b).

18.    All jurisdictional prerequisites and conditions precedent to the filing and prosecution of this action have been satisfied, met, performed, excused, or waived.

## STATEMENT OF FACTS

19.    On Thursday, February 6, 2025, at approximately 4:53 p.m., Plaintiff Michael Glenn Williams, Jr., was lawfully operating a compact Toyota hatchback motor vehicle in a westerly direction on Logan Road in Clanton, Chilton County, Alabama.

20.     Present in the vehicle and occupying passenger positions were Plaintiff Michael Williams's wife, Laiken Jones Williams, and the couple's three minor children, H.I.W. (then age 16), K.N.W. (then age 14), and J.M.W. (then age 9).

21.     At the same time and place, Katharine Louise Stoddard, then an employee of the United States Department of the Interior, United States Geological Survey, was operating a heavy-duty Ford F-250 utility truck owned, insured, and/or operated by the United States of America. Ms. Stoddard was, at all material times, acting within the line and scope of her federal employment and in furtherance of the business and affairs of the United States.

22.     Ms. Stoddard was operating the Ford F-250 in an easterly direction on Logan Road — that is, in the direction opposite the westbound travel of the Plaintiffs' vehicle.

23.     Without justification or excuse, and without warning to the Plaintiffs, Ms. Stoddard negligently and/or wantonly caused, allowed, or permitted the Ford F-250 to cross the centerline of Logan Road into the westbound lane of travel — directly into the path of the oncoming Williams vehicle — and to collide head-on with the Williams vehicle.

24.     The impact of the head-on collision was severe. Plaintiff Michael Glenn Williams, Jr., sustained, among other injuries, a broken left hip requiring surgical repair, which constitutes a permanent injury and has caused and will continue to cause him to suffer physical pain, impairment, disability, mental anguish, lost wages, lost earning capacity, and past and future medical expenses.

25.     Plaintiff Laiken Jones Williams sustained, among other injuries, a right foot contusion, and has suffered and will continue to suffer physical pain, mental anguish and emotional distress, and past and future medical expenses.

26.    Plaintiff K.N.W. sustained, among other injuries, a closed head injury and a large facial laceration that has left or will leave a permanent scar, and has suffered and will continue to suffer physical pain, disfigurement, mental anguish and emotional distress, and past and future medical expenses.

27.    Plaintiff H.I.W. sustained, among other injuries, a chest wall contusion, and has suffered and will continue to suffer physical pain, mental anguish and emotional distress, and past and future medical expenses.

28.    Plaintiff J.M.W. sustained, among other injuries, a chin contusion and a left shoulder contusion, and has suffered and will continue to suffer physical pain, mental anguish and emotional distress, and past and future medical expenses.

29.    The collision, and each injury and damage sustained by the Plaintiffs, was caused exclusively and proximately by the negligent and/or wanton conduct of Katharine Louise Stoddard.

30.    No act or omission of Plaintiff Michael Glenn Williams, Jr., or of any Plaintiff passenger caused or contributed to cause the collision or any injury sustained therein.

## COUNT I – NEGLIGENCE

31.    Plaintiffs re-allege and incorporate by reference each preceding paragraph of this Complaint as though fully set forth herein.

32.    Ms. Stoddard, as the operator of a motor vehicle upon the public roadways of this State, owed a duty to the Plaintiffs and all other persons lawfully using Logan Road to operate her vehicle with the care, skill, and prudence that a reasonable person would exercise under the same or similar circumstances.

7

33.    Ms. Stoddard breached that duty of reasonable care. Acting within the line and scope of her employment with the United States, she was negligent in one or more of the following particulars, each of which proximately caused the collision and the Plaintiffs' injuries and damages:

a.    Failing to keep her vehicle on the right half of the roadway and crossing the centerline into oncoming traffic, in violation of Ala. Code § 32-5A-80 (1975);

b.    Failing to maintain a proper and safe lookout for oncoming traffic;

c.    Failing to maintain proper and safe control of her vehicle;

d.    Failing to maintain a proper and safe speed for the conditions then existing;

e.    Failing to exercise reasonable care in the operation, management, and control of a motor vehicle on a public highway;

f.    Operating a motor vehicle while distracted, inattentive, impaired by fatigue, or otherwise not reasonably fit to operate a motor vehicle;

g.    Failing to yield the right-of-way to oncoming traffic lawfully proceeding in its proper lane of travel; and

h.    Otherwise failing to exercise reasonable care in the circumstances.

34.    The violation by Ms. Stoddard of Ala. Code § 32-5A-80 (1975), which requires every driver to drive on the right half of the roadway except in limited circumstances not applicable here, constitutes negligence *per se* under Alabama law.

35.    The Plaintiffs are within the class of persons the statute was designed to protect, and the head-on collision that occurred is precisely the type of harm the statute was designed to prevent.

36.    As the direct and proximate consequence of the negligence of Katharine Louise Stoddard, acting within the line and scope of her employment with the United States, the Plaintiffs each sustained the injuries and damages described in this Complaint.

8

37.    The Defendant United States of America is liable to each Plaintiff for all damages recoverable under Alabama law for such negligence.

## COUNT II – WANTONNESS

38.    Plaintiffs re-allege and incorporate by reference each preceding paragraph of this Complaint as though fully set forth herein.

39.    Under Alabama law, "wantonness" is the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. Ala. Code § 6-11-20(b)(3) (1975).

40.    On the occasion made the basis of this Complaint, Katharine Louise Stoddard acted wantonly in the operation of her government-owned motor vehicle by, among other acts and omissions, crossing the centerline of a heavily traveled public roadway into oncoming traffic with conscious knowledge that injury would likely or probably result from doing so.

41.    The wanton conduct of Ms. Stoddard, while acting within the line and scope of her employment with the United States, proximately caused the Plaintiffs' injuries and damages.

## COUNT III – NEGLIGENT OR WANTON HIRING

42.    Plaintiffs re-allege and incorporate by reference each preceding paragraph of this Complaint as though fully set forth herein.

43.    At all material times, the United States of America, acting through the Department of the Interior and the United States Geological Survey, owed a duty to the motoring public, including the Plaintiffs, to exercise reasonable care in the hiring of the employees it entrusted to operate its motor vehicles upon the public roadways of the State of Alabama.

44. Upon information and belief, at the time the United States, acting through the Department of the Interior and the United States Geological Survey, hired Katharine Louise Stoddard to operate its motor vehicles, including the Ford F-250 made the subject of this Complaint, the United States knew, or in the exercise of reasonable care should have known, that Ms. Stoddard was incompetent, unfit, or otherwise unqualified to safely operate such a motor vehicle.

45. The United States, acting through the Department of the Interior and the United States Geological Survey, negligently and/or wantonly hired Ms. Stoddard notwithstanding her incompetence, unfitness, or lack of qualification.

46. As a proximate consequence of the negligent and/or wanton hiring of Katharine Louise Stoddard, the collision made the subject of this Complaint occurred, and the Plaintiffs suffered the injuries and damages described herein, for which the Defendant United States of America is liable to each Plaintiff under 28 U.S.C. § 1346(b) and the law of the State of Alabama.

## COUNT IV – NEGLIGENT OR WANTON TRAINING AND SUPERVISION

47. Plaintiffs re-allege and incorporate by reference each preceding paragraph of this Complaint as though fully set forth herein.

48. At all material times, the United States of America, acting through the Department of the Interior and the United States Geological Survey, owed a duty to the motoring public, including the Plaintiffs, to exercise reasonable care in the training and supervision of the employees it entrusted with the operation of its motor vehicles upon the public roadways of the State of Alabama.

49. The United States, acting through the Department of the Interior and the United States Geological Survey, negligently and/or wantonly failed to adequately train Katharine Louise

Stoddard in the safe operation of the Ford F-250 made the subject of this Complaint, including but not limited to training in maintaining a proper and safe lookout, keeping the vehicle within its proper lane of travel, and otherwise operating the vehicle in compliance with the applicable rules of the road.

50.    The United States, acting through the Department of the Interior and the United States Geological Survey, further negligently and/or wantonly failed to adequately supervise Katharine Louise Stoddard in her operation of the Ford F-250 made the subject of this Complaint, including but not limited to her compliance with the applicable rules of the road and safe-driving practices, despite knowing or having reason to know that such training and supervision were necessary to prevent foreseeable harm to others.

51.    As a proximate consequence of the negligent and/or wanton training and supervision of Katharine Louise Stoddard, the collision made the subject of this Complaint occurred, and the Plaintiffs suffered the injuries and damages described herein, for which the Defendant United States of America is liable to each Plaintiff under 28 U.S.C. § 1346(b) and the law of the State of Alabama.

## DAMAGES

52.    Plaintiffs re-allege and incorporate by reference each preceding paragraph of this Complaint as though fully set forth herein.

53.    As the direct and proximate consequence of the negligent and/or wanton acts and omissions of Ms. Stoddard, acting within the line and scope of her federal employment, Plaintiff Michael Glenn Williams, Jr., has suffered and/or will suffer damages recoverable under Alabama law, including but not limited to:

      a.    Past and future physical pain and suffering;

      b.    Past and future mental anguish and emotional distress;

11

c.  Past and future physical impairment and permanent disability, specifically including his broken left hip, the surgery performed to repair it, and any resulting permanent orthopedic limitations;

d.  Past and future reasonable and necessary medical, hospital, surgical, rehabilitative, and related expenses;

e.  Past and future lost wages and impairment of earning capacity; and

f.  Out-of-pocket and incidental expenses proximately caused by the collision.

54.  As the direct and proximate consequence of said negligent and/or wanton acts and omissions of Ms. Stoddard, Plaintiff Laiken Jones Williams has suffered and/or will suffer damages recoverable under Alabama law, including but not limited to past and future physical pain and suffering, past and future mental anguish and emotional distress, past and future reasonable and necessary medical expenses, and out-of-pocket and incidental expenses.

55.  As the direct and proximate consequence of said negligent and/or wanton acts and omissions of Ms. Stoddard, Plaintiff K.N.W., a minor, has suffered and/or will suffer damages recoverable under Alabama law, including but not limited to past and future physical pain and suffering, past and future mental anguish and emotional distress, past and future physical impairment, permanent disfigurement from facial scarring, past and future reasonable and necessary medical expenses, and out-of-pocket and incidental expenses.

56.  As the direct and proximate consequence of said negligent and/or wanton acts and omissions of Ms. Stoddard, Plaintiff H.I.W., a minor, has suffered and/or will suffer damages recoverable under Alabama law, including but not limited to past and future physical pain and suffering, past and future mental anguish and emotional distress, and past and future reasonable and necessary medical expenses.

57.  As the direct and proximate consequence of said negligent and/or wanton acts and omissions of Ms. Stoddard, Plaintiff J.M.W., a minor, has suffered and/or will suffer damages

recoverable under Alabama law, including but not limited to past and future physical pain and suffering, past and future mental anguish and emotional distress, and past and future reasonable and necessary medical expenses.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that process issue and be served upon the Defendant, that the Defendant be required to answer within the time and in the manner provided by law, and that upon final trial of this cause the Court enter judgment in favor of each Plaintiff and against the Defendant United States of America in amounts not to exceed the sums certain presented on each Plaintiff's Standard Form 95 (except as may be permitted by 28 U.S.C. § 2675(b)), together with costs of court, post-judgment interest at the legal rate, and such other and further compensatory relief to which Plaintiffs may be justly entitled.

Respectfully submitted, this the 3rd day of July, 2026.

_____
Frank H. Hawthorne, III (ASB-5156-J23A)
*Attorney for the Plaintiffs*

**OF COUNSEL:**
HAWTHORNE & MYERS, LLC
322 Alabama Street
Montgomery, AL 36104
*Telephone:* (334) 269-5010
*Facsimile:* (334) 834-0080
frankiii@hawthorneandmyers.com

## PLAINTIFFS REQUEST SERVICE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AS SET FORTH ABOVE.